# TROUP SUPERIOR COURT,

## MAY TERM, 1842.

---

### EZEKIEL BROWN vs. JAS. J. LESTER.

*Assumpsit, &c.   Verdict for Plaintiff and Rule Nisi for a new trial.*

1st. It is competent for a person, not being a physician, to testify to the general health of a person.

2nd. The sayings of a sick negro to her physician, cannot be given in evidence, except as to the disease of which she is afflicted at the time of the conversation.

This was an action founded upon a promissory note given for a negro woman.   The defence set up was a total and partial failure of consideration, upon the ground that the negro was unsound, and therefore of little or no value.   At the October term, 1841, of said Court, said case was tried on the appeal, and a verdict rendered for the plaintiff, for the full amount of the note, when defendant's counsel moved for a new trial, upon the following grounds :

1st. Because the Court erred in allowing the plaintiff to give in evidence the opinions of the witnesses not being physicians, with their reasons as to the condition of said negro before the sale, and before she was in the possession of the plaintiff, the same being objected to by defendant's counsel.

2d. Because the Court erred in rejecting the complaints and statements of the negro to the attending physicians when the same was offered to be proved by defendant.

The testimony objected to, which was admitted by the Court, and which is the ground of error assigned in the first ground of the rule, is the evidence of a witness by the name of *John G. Mayne*, contained in his answers to interrogatories :   On being asked, whether he knew said negro, and whether she was sound or unsound, he an-

[Brown vs. Lester.]

swers, "I have known the girl for several years. I cannot say what has been her condition since *Ezekiel Brown* bought her ; but during the time I knew her, I always *supposed* her to be *healthy* and *sound*." He then further states—"My plantation joined Mr. *Hayes*, who formerly owned the girl, and during the time, I frequently saw the girl at my house, with my black people, as well as other places, and I infer that she was healthy, as I knew she grew fast, and had every appearance of health." Now the objection to this testimony, as stated in the rule, is, that the witness was permitted to give his opinion, with his reasons for that opinion—the expression of the witness is, " I always *supposed* her to be healthy and sound." Now the fact of whether a person be healthy or not, is such a fact as a witness could scarcely swear to, positively, and the law only requires the best evidence which the nature of the case will admit of. But the witness does not stop here, but goes on to state, that he had been acquainted with her for several years, and that he saw her frequently, and knew that she grew fast, and had every appearance of health— thus, not giving his mere opinion as to the fact, but stating the reasons upon which that opinion is predicated—which, it seems to me, are entirely satisfactory, and perhaps much more so than the testimony of a witness who might have sworn positively to the fact, to wit, that she was sound and healthy, without stating his reasons.— I am, therefore, of opinion, that the Court did not err on this ground.

The second ground of error complained of is, that the Court erred in rejecting the complaints and statements of the negro, to the attending physicians, when the same where offered to be proved by defendant.

This ground is predicated upon the rejection, by the Court, of a portion of the testimony of Drs. *Phillips & Patten*, taken also by interrogatories. These physicians were examined for the purpose of proving that the negro was diseased. The evidence was, that the negro was sold by *Brown* to *Lester* on the 1st of March, 1839 ; and the physicians testified, that they were first called to visit the negro in Sept. 1839—that they found her sick, labouring under remittent fever, with very strong asthmatic symptoms, also symptoms of dysmenorrhœa, which they found, on enquiry, to have existed ever since she had been in the possession of *Lester*, and the negro stated, some-

[Brown vs. Lester.]

time previous to his purchasing her from *Brown*. But, they say, as to the length of time she had been labouring under this disease, we have no means of ascertaining, only from the history of the case as given by the negro. That portion of the testimony, which consisted of the sayings of the negro as to the commencement of her disease, and the length of time which she had been labouring under the same, was rejected by the Court, and this is the error complained of. It was contended, by defendant's counsel, that the sayings of the negro to the physicians, were competent testimony to prove the nature of the disease, and also, as to the time of its commencement—and the case of *Grey* vs. *Young*, (*Harper's* S. C. Rep'ts, page 38,) was relied on. It is true, that it is laid down in that case, that the complaints and declarations of a slave made to his physician, are admissible for the purpose of shewing the nature of the disease; but this rule is confined to the disease under which the slave is labouring at the time, as mere indications of the presence of the disease :—but this rule cannot be so extended, as to make the sayings of the negro, evidence, to shew that he had been diseased at a period anterior to that time, or to prove that the disease had existed for any considerable length of time. This would be making the sayings of the negro evidence to prove a distinct fact which is susceptible of being proved by other testimony, and therefore the same necessity does not exist for it as in the other case. This distinction is fully sustained by the opinion of the Court delivered in the case of *McClintock* vs. *Hunter*, as reported in *Dudley's* S. C. Repts. 328.

The testimony of the physicians as to the commencement of the disease being dependant alone upon the sayings of the negro, and the sayings being in the opinion of the Court clearly inadmissible to prove that fact, I am of opinion, that there was no error in rejecting said testimony.

The motion for a new trial is therefore refused.

7th May, 1842.

WILLIAM EZZARD, J. S. C. C. C.